IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **V.** | : | **CRIMINAL NUMBER 23-CR-454-7** |
| | : | |
| **AIKEEM PALMER** | | |

## ORDER

AND NOW, this ____ day of _____, 2025, upon consideration of the Defendant's Motion For Pretrial Release and Revocation of Detention Order, and the government's response thereto, it is hereby ORDERED that said Motion is GRANTED. Aikeem Palmer shall be released from custody forthwith, subject to conditions set by the court.

BY THE COURT:

_____
THE HONORABLE WENDY BEETLESTONE
Judge United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| *v.* : | **CRIMINAL NO. 23-CR-454-7** |
| : | |
| **AIKEEM PALMER** : | |
| : | |

**AIKEEM PALMERS MOTION AND MEMORANDUM OF LAW IN
SUPPORT OF PRETRIAL RELEASE AND REVOCATION OF DETENTION ORDER**

**I.      FACTUAL BACKGROUND**

By an Indictment returned on or about December 11, 2025, Aikeem Palmer is charged in a Superseding Indictment that alleges that a group of ten men conspired to steal, and did steal, shipments of television sets, air conditioners, refrigerators, liquor, dimes, frozen beef, crabs, shrimp, and chicken, from January 1, 2023, through July 31, 2023. No weapons were allegedly used in these thefts. No person was allegedly hurt as a result of these thefts. As of this filing, at least six co-defendants named in the Superseding Indictment have now been granted pre-trial release.  Aikeem Palmer has strong ties to family and the community. Aikeem Palmer was last arrested and convicted for an altercation he had with a prison guard in 2014 ten years ago. Aikeem Palmer is not currently on any type of criminal supervision. Aikeem Palmer is protected under the presumption of innocence and asks this Court to release him just like nearly all of the similarly situated co-defendants in this case

.

## II. THE BAIL REFORM ACT OF 1984

Prior to 1984, the decision to grant bail was unconcerned with the dangerousness or lack thereof of a defendant:

> The [Bail Reform Act of 1984] marks a radical departure from former federal bail policy. Prior to the 1984 Act, consideration of a defendant's dangerousness in a pretrial release decision was permitted only in capital cases. See Bail Reform Act of 1966, 18 U.S.C. § 3148 (1982), repealed by Bail Reform Act of 1984, Pub.L. No. 98-473, 98 Stat.1976 (1984). In all other cases, bail and other conditions of release were imposed solely to assure the appearance of the accused in court.

United States v. Himler, 797 F.2d 156, 158-159 (3d Cir. 1986). This framework proved ineffective however, and in 1984 Congress passed a new act directing Courts to consider the safety of the community as well. See United States v. Salerno, 481 U.S. 739, 742 (1987) (noting that Bail Reform Act of 1984 was enacted in response to "the alarming problem of crimes committed by persons on release").

"The hallmark of the Bail Reform Act of 1984 is its requirement that an arrested person be admitted to bail only under conditions which will 'reasonably assure both the appearance of the person as required *and* the safety of any other person and the community.'" Himler, 797 F.2d at 158 (quoting 18 U.S.C. §§ 3142(b), (c)) (emphasis added). Moreover, "a defendant must be released on bail on the least restrictive condition or combination of conditions that will reasonably assure the defendant's appearance and the safety of the community." United States v. Abdullahu, 488 F. Supp.2d 433, 437 (D.N.J. 2007); and 18 U.S.C. § 3142(c)(B).

In certain cases, pretrial detention is presumed to be appropriate:

> [T]here are two presumptions in the Bail Reform Act. The first presumption, "that no condition or combination of conditions will reasonably assure the safety of any other person and the community" is

3

> contained in the first paragraph of section 3142(e). See 18 U.S.C.A. § 3142(e) (West 1985). This first presumption arises in cases where (1) the accused has previously been convicted of one of a number of specified offenses, (2) the previous offense was committed while on release pending trial, and (3) "not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment," for the previous offense. Id. The second presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community," is contained in the second paragraph of section 3142(e) and arises if there is probable cause to believe that the accused has committed a major drug trafficking offense or a felony with a firearm. Id.

United States v. Perry, 788 F.2d 100, 108 (3d Cir. 1986).

Aikeem Palmer's case is not subject to a rebuttable presumption because he is not charged with a serious drug offense or an offense involving a firearm. In a non-presumption cases, the Government must prove that no condition or conditions which will reasonably assure both the appearance of the person as required and/or the safety of any other person and the community. To prove that the defendant is a risk of flight, the Government must do so by a preponderance of the evidence. See Himler, 797 F.2d at 161; Abdullahu, 488 F.Supp.2d at 438 ("The preponderance of the evidence standard requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence."). To prove that the defendant is a danger, the Government must do so by clear and convincing evidence. See 18 U.S.C. § 3142(f)(2)(B); see Abdullahu, 488 F.Supp.2d at 437 ("[Clear and convincing evidence] produce[s] in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable [the factfinder] to come to a clear conviction without hesitancy, of the truth of the precise facts in issue.").

Finally, to assist jurists in evaluating motions for pretrial detention, the Bail Reform Act specifies relevant factors for consideration:

> Factors to be considered.--The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
>
> > (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of <u>section 1591</u>, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> >
> > (2) the weight of the evidence against the person;
> >
> > (3) the history and characteristics of the person, including--
> >
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> >
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

Aikem Palmer asks this court to revisit whether any condition or combination of conditions will reasonably assure the defendant's appearance as required. 18 U.S.C. § 3142(e) The Court must weigh the factors listed at 18 U.S.C. § 3142(g) while keeping in mind that "doubts regarding the propriety of release be resolved in favor of the defendant." *See United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)). The principle that doubts be resolved in the defendant's favor is reflected in aforementioned burden of proof: there must be clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community1(*see* § 3142(f)(2)(B)), and there must be a "clear preponderance" of the evidence that no condition or combination of conditions will reasonably assure the defendant's appearance. See *Lopez-Valenzuela v. Cty. of Maricopa*, 719 F.3d 1054, 1065 (9th Cir. 2013).

### III. THE ORDER FOR PRETRIAL DETENTION SHOULD BE REVOKED

The Order for pretrial detention in this matter should be revoked. Defense counsel respectfully submits that this Court can easily ensure Aikeem Palmers appearance at trial and the safety of the community by setting appropriate conditions of pretrial release at this time.

**A.      History and Characteristics of Aikeem Palmer and Danger to the community**

Under 18 U.S.C. § 3142(g)(3)(A) and (g)(4) the Court must take into consideration Aikeem Palmer's personal character, family ties, employment, financial resources, and length of residence in the community, in determining whether he is a risk of flight or danger to others. Aikeem Palmer, is 37 years old. Aikeem Palmer does not pose a danger to the community. He has recently found gainful employment and his stepfather has provided him with a stable home in which to live in. (See exhibit A) Aikeem Palmer is a lifelong resident of Philadelphia and is

helping to raise his two year old son Zion Palmer with his former girlfriend Manaz Ricketts. More importantly, he has a reputation of being nonviolent amongst all of his associates and family who will be present to attest to such at any hearing in this case.

Aikeem Palmer has not been arrested in more than ten years and when arrested he did not flee or posses a firearm. He surely knew he might be arrested as he knew of the original indictment well before he was added as the seventh member of this alleged theft conspiracy. The government has noted that Akeem Palmer had jewelry and a watch when he was arrested in his detention motion. (DKT 132 Page 3). Multiple members of Aikeem Palmer's Family have confirmed that Aikeem Palmer has had the Jewelry since at least 2020, well before any of the activity alleged in the Indictment. Moreover, defense counsel submits that the Jewelry has little if any probative value when it comes to Aikeem Palmers flight risk or danger to the community.

      **B.**      **Nature and Circumstances of the Offense Render Pretrial Release Appropriate.**

There is no allegation in the Superseding Indictment that a weapon was used in any of the alleged thefts. Further, there is no allegation in the Superseding Indictment that Aikeem palmer threatened anyone. In fact, the government has failed to name one overt act Aikeem Palmer did in the alleged robbery, simply stating that he is named in that count. Count Two of the Superseding Indictment alleges the defendants used "means of actual and threatened force, violence, and fear of injury," and did so by "grabbing [the victim], carrying him, and forcing him underneath a box truck while unloading the stolen goods." However, According to the Government's detention motion, co-defendant Malik Palmer allegedly mocked his co-defendants for running away from the victim, who was dressed in his underwear, of slight

physical stature, and unarmed. (DKT 132 Page 2) Viewed in this light, this Hobbs Act robbery is vastly different than other Hobbs Act cases traditionally brought before the Court. Moreover, it is unclear what if any role Aikeem Palmer played in the event.

    **C.**    **Aikeem Palmer is not a flight Risk.**

Aikeem Palmer poses little risk of flight. Aikeem Palmers strong family ties and new career aspirations are a strong incentive for him not to flee. Additionally, Aikeem Palmer does not have a U.S. passport so he could not attempt to flee the country. He knew of the offense as one of his brothers had previously been arrested and is out on bail. Aikeem Palmer is well aware of the fact that if he were to flee he would be apprehended in short order and face dire consequences. Moreover, few people out on pretrial federal release actually flee as evidenced by all of the other alleged members of this conspiracy already out on release repeatedly appearing in court.

## IV.    CONCLUSION

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." Salerno, 481 U.S. at 755. For all of the aforementioned reasons, we respectfully submit that the order for pretrial detention be **REVOKED** and that this Court order Aikeem Palmer be released subject to reasonable conditions of bail.

                                                             **Respectfully submitted,**
                                                             /s/ LUIS A. ORTIZ
                                                             LUIS A. ORTIZ
                                                             Attorney for Aikeem Palmer
                                                             121 South Broad Street FL 18
                                                             Philadelphia, Pennsylvania 19107
                                                             (215) 858-3787
                                                             Luisaortiz@comcast.net

**CERTIFICATE OF SERVICE**

I, Luis A. Ortiz, the undersigned attorney for defendant, hereby certify that on the 26th day of January, 2025, a copy of the foregoing Defendant's Motion and Memorandum oin support of pretrial release was served electronically via E-mail to:

ALEXANDER B. BOWERMAN
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

  *//S// Luis A Ortiz*
Luis A. Ortiz, Esquire
121 South Broad Street 18th Floor
Philadelphia PA 19107
(215) 858-3787
luisaortiz@comcast.net